Charles D. Naylor, Esq., (SBN 62243)
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, CA 90802
Telephone: (310) 514-1200
Facsimile:  (310) 514-1837
E-Mail:     cnaylor@naylorlaw.com

Attorneys for Plaintiff,
RHONDA ESPINOZA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA ESPINOZA,<br><br>   Plaintiff,<br><br>  v.<br><br>PRINCESS CRUISE LINES, LTD.;<br>PROMOTORA CULTURAL Y<br>GASTRONOMICA DE MEXICO<br>SA de CV dba VIVA TEQUILA;<br>and, GRUPO PLEXON,<br><br>   Defendants. | Case No.   17-8412<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, RHONDA ESPINOZA, (hereinafter, "Plaintiff") and for a cause of action against defendants, and each of them, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for personal injuries, the value of which exceeds the Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.  The injury giving rise to this action occurred while plaintiff was a fare paying passenger aboard a cruise ship operating on navigable waters.  This Court has Jurisdiction under 28 U.S.C. § 1332 as well as

under the general maritime law of the United States. Venue is based on the forum selection clause included in the terms of defendant's passage contract.

## GENERAL ALLEGATIONS

2. At all times herein material, defendant PRINCESS CRUISE LINES, LTD., (hereinafter, "PRINCESS") was a corporation with its principal place of business in the state of California, the County of Los Angeles, and this judicial district; and was the owner are operator of a fleet of passenger cruise vessels, one of which was the RUBY PRINCESS (hereinafter, "vessel"), a foreign flag passenger cruise vessel which Defendant utilized to transport fare paying passengers on cruises on navigable waters of the United States and on the high seas.

3. That at all times material, the Defendant, PROMOTORA CULTURAL Y GASTRONOMICA DE MEXICO SA de CV dba VIVA TEQUILA (hereinafter, "PROMOTORA CULTURAL"), is, upon information and belief, a foreign business entity, doing business in the United States and in Mexico as an event operator and as a shore excursion operator on behalf of PRINCESS and other cruise lines.

4. That at all times material, the Defendant, GRUPO PLEXON (hereinafter, "GRUPO PLEXON), is, upon information and belief, a foreign business entity, doing business in the United States and in Mexico as an event operator and as a shore excursion operator on behalf of PRINCESS and other cruise lines.

5. At all-time herein material, RHONDA ESPINOZA was and is a resident of the State of Nevada.

6. That at all times material, the Defendant, PRINCESS, was in the business of providing tours which includes the sale of shore excursions on cruises which it operates out of various ports, including the ports of Long Beach, Los Angeles, San Francisco and San Diego within the State of California, as well as the port of Puerto Vallarta, Mexico. That further, Defendant PRINCESS derives substantial

income from the sale of shore excursions which it advertises in various markets, including on the internet, to its various customers.

7. That at all material times, a "Viva Tequila" excursion was conducted by the Defendants, PROMOTORA CULTURAL and GRUPO PLEXON, and was sold by and on behalf of PRINCESS to its passengers, including the Plaintiff in this case. That further the excursion offered a tequila museum tour and tasting, a folklorico show, and a brunch at a beach restaurant.

8. That the Defendants, PROMOTORA CULTURAL and GRUPO PLEXON, market, advertise, and sell their shore excursions, including the Viva Tequila excursion, on behalf of PRINCESS, as well as other cruise lines and derive substantial income as a result of passengers buying said excursions, including the Plaintiff in this case.

9. That at all times material, the Defendants, PRINCESS, PROMOTORA CULTURAL and GRUPO PLEXON, operated and carried on a business and/or business ventures in the State of California and were engaged in substantial activity within the State of California, operated vessels in the waters of the state, and subject to jurisdiction, pursuant to California's long arm Statute, including California Code of Civil Procedure §410.10.

10. That upon information and belief, there existed a contract between PRINCESS, PROMOTORA CULTURAL and GRUPO PLEXON for the benefit of PRINCESS's passengers and in which PROMOTORA CULTURAL and GRUPO PLEXON agreed to subject themselves to the laws of the State of California and/or the General Maritime Law of the United States, and consented to the conferral of personal jurisdiction and venue in this Honorable Court. That such a conferral of personal jurisdiction is proper and permissible pursuant to California's statutes, including but not limited to Code of Civil Procedure §410.10.

11. Prior to the departure date, Plaintiff purchased a ticket for a cruise aboard

the vessel with a scheduled departure from Long Beach, California on November 19, 2016, and scheduled arrival date at same port on November 24, 2016.

12. That after purchasing a ticket for the cruise, Plaintiff was repeatedly invited and encouraged to visit the Princess website, to review the excursions PRINCESS offered for the cruise. In response to said invitation, Plaintiff did visit the PRINCESS website, and on that website purchased tickets for the Viva Tequila tour to be conducted on behalf of PRINCESS by the Defendants PROMOTORA CULTURAL and GRUPO PLEXON, at the Teatro Vallarta, in Puerto Vallarta, Mexico.

13. That on November 19, 2016 Plaintiff boarded the vessel in Long Beach, California. Thereafter, on or about November 22, 2016, Plaintiff participated in the Viva Tequila tour while the vessel was in Puerto Vallarta, Mexico. Plaintiff was driven to the Teatro Vallarta, for a tour of a tequila museum, and was then directed to enter the theater for the tequila tasting and folklorico show. In the theater, she was given a tray with three small "shots" of tequila, and took the tray and the "shots" with her to a seat in the theater. Soon after taking her seat, a man came out on stage to lead the excursion participants through the tequila tasting. Plaintiff only sipped at her "shots". Immediately after the tasting the folklorico show started and ran for approximately thirty minutes. After the folklorico show, the theater lights were turned on, but were not bright. Plaintiff was sitting one seat in form an aisle stairway, and the seat next to her was open. After Plaintiff stepped out to the aisle stairway, she turned to face the stage and stepped down with her left foot. She reached the step below safely and next stepped down with her right foot. When she put her weight on her right foot on the step below, her right foot slipped out from under her, causing her to fall backward onto her buttocks and back, and slide down the stairs to the bottom of the stairway. In the fall Plaintiff suffered serious injuries, including but not limited to a bimalleolar fracture to her right ankle, which required open reduction

and internal fixation.

14. Plaintiff is informed and believes, and thereon alleges, that the stairway where she slipped and fell was in a dangerous and defective condition, in that, among other things:

    a. The lighting was inadequate;

    b. The rise of the steps was irregular;

    c. The was no handrail available;

    d. The stairway was steep.

15. As a direct and legal result of the incident alleged herein Plaintiff, was hurt and injured in her health, strength and activity, sustaining severe physical injury to her body, including but not limited to the injuries describe above, and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

16. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical and/or psychological care and treatment. Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary for an indefinite time in the future. The cost of medical and/or psychological care and treatment is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

17. As a further direct and legal result of the incident herein alleged, Plaintiff has been prevented from attending to her usual occupation for a period of time, and is informed and believes that she will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings and earning capacity the exact amount or which is presently unknown. Plaintiff

claims as damages herein, the amount of said loss of earnings and earning capacity, according to proof at trial.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## PROMOTORA CULTURAL AND GRUPO PLEXON
### (Negligence-General Maritime Law)

18. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 to 17, inclusive, of the Jurisdiction, Venue, and General Allegations of this Complaint as though the same were fully set forth.

19. As a contractor to the owner and operator of the vessel, and as a provider of shore excursions to passengers aboard ships at sea, including but not limited to the RUBY PRINCESS, Defendants PROMOTORA CULTURAL and PROMOTORA CULTURAL AND GRUPO PLEXON owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendants had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendants or could have been known to Defendants by reasonable inspection.

20. Defendants breached their duty of care to Plaintiff by, inter alia:
    a. Causing and/or allowing the aforementioned dangerous conditions to exist at the excursion venue;
    b. Failing to take appropriate remedial action; and,
    c. Failing to warn passengers, including Plaintiff, of said dangerous conditions.

21. As a direct and legal result of defendants' breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid.

///
///
///
///

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT PRINCESS
### (Negligence-General Maritime Law)

22. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 to 17, inclusive, of the Jurisdiction, Venue and General Allegations and paragraphs 18 through 21, inclusive, of the First Cause of Action, as though the same were fully set forth.

23. As the owner and operator of the vessel, Defendant PRINCESS owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

24. Defendant breached its duty of care to Plaintiff, inter alia:

   a. Failing to provide a safe excursion;
   
   b. Failing to properly and adequately inspect, investigate, screen, select and retain the services of its tour operator partners, PROMOTORA CULTURAL and GRUPO PLEXON, to ensure PROMOTORA CULTURAL and GRUPO PLEXON were operating and running a reasonably safe excursion;
   
   c. Failing to adequately monitor, supervise and/or inspect its tour operator partners, PROMOTORA CULTURAL and GRUPO PLEXON, to ensure that PROMOTORA CULTURAL and GRUPO PLEXON provided a reasonably safe place for passengers to participate in all aspects of the subject shore excursion, conducted adequate inspections of the excursion venue, sufficiently in advance of the excursion to allow it to identify hazardous conditions at the venue and take remedial action, or warn passengers of same.
   
   d. Failing to adequately monitor, supervise and audit the ongoing

operations of its tour operator partners, PROMOTORA CULTURAL and GRUPO PLEXON, to ensure PROMOTORA CULTURAL and GRUPO PLEXON were using properly trained and competent personnel, and proper and safe procedures to provide a reasonably safe excursion for Plaintiff and cruise passengers;

e. Failing to adequately warn Plaintiff of the dangers that would be encountered during the subject excursion;

f. Operating and/or allowing the excursion to proceed and/or continue under hazardous conditions, which posed an unreasonable risk of injury to Plaintiff;

g. Assuring passengers, including Plaintiff, that all aspects and conditions of the subject excursion were reasonably safe and appropriate for them when in fact they were not;

h. Failing to adequately describe all aspects of the subject excursion to Plaintiff so that she could make an informed decision as to her participation in the subject excursion;

i. Failing to ensure all necessary steps were taken for Plaintiff to safely participate in all aspects of the subject shore excursion;

j. Failing to promulgate, enforce and/or follow adequate policies and procedures for the inspection and monitoring of the subject excursion to ensure proper equipment was used to allow for the reasonably safe participation of all aspects of the subject excursion;

k. Failing to ensure that properly trained and supervised persons operated the subject excursion;

l. Failing to ensure that its tour operator partners, PROMOTORA CULTURAL and GRUPO PLEXON, had proper policies and procedures in place to ensure passengers, including Plaintiff, could reasonably safely participate in the subject excursion;

m. Having a shore excursion that was not competently or properly operated;

n. Failing to fulfill its promises to make good on its representations upon which it knew passengers would rely, including the above-described promises and representations made in its literature, website and verbally to Plaintiff,

o. Failing to verify that the subject excursion was safe, reliable, licensed, and insured;

p. Failing to implement a method of operation which was reasonable and safe, and which would identify the existence of dangerous conditions at an excursion venue, such as the one in this case, and utilizing or allowing negligent methods of operation by its tour operator partners, PROMOTORA CULTURAL and GRUPO PLEXON;

q. Failing to promulgate and enforce appropriate safety rules for its tour operator partners, PROMOTORA CULTURAL and GRUPO PLEXON;

r. By creating an environment whereby passengers were deceived into believing that they were safe because they have purchased a PRINCESS excursion ticket as opposed to making their own excursion plans;

s. By lulling its passengers into a false sense of security regarding the risks of the excursion, the competency of its tour partner and the safety of the excursion by its advertising, marketing, and representations;

t. By failing to properly implement policies and procedures to track prior accidents, incidents, or problems, so that the passengers could be properly warned of the danger posed to their physical and mental

wellbeing by participating in the subject excursion;

u. By failing to follow its own Safety and Quality Manuals (SQM) and/or terms of agreements, contracts, policies and procedures with regard to the subject excursions;

v. By failing to properly, adequately and competently inspect and/or audit the venue used for the subject excursion, including but not limited to the venue stairways;

w. By failing to mandate and enforce that the employees and/or agents of its tour operator partners PROMOTORA CULTURAL and GRUPO PLEXON comply with the PRINCESS's policies and procedures relating to the health and safety of its cruise ship passengers;

x. By failing to mandate and enforce that its excursion partners, PROMOTORA CULTURAL and GRUPO PLEXON, provide a venue for excursions, including the subject excursion, with reasonably safe stairways.

y. Having a shore excursion that was not competently operated; and/or

z. In other manners not yet known, but which will be uncovered in discovery.

25. As a direct and legal result of defendants' breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid.

## THIRD CAUSE OF ACTION
## AGAINST DEFENDANT PRINCESS
### (Apparent Agency or Agency by Estoppel-General Maritime Law)

26. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 to 17, inclusive, of the Jurisdiction, Venue and General Allegations and paragraphs 18 through 21, inclusive, of the First Cause of Action, and paragraphs 21 through 25 of the Second Cause of Action as though the same were fully set forth.

27. PRINCESS held out the owners and/or operators of the "Viva Tequila" excursion as its apparent agent. PRINCESS represented to its cruise passengers, including but not limited to Plaintiff, that the operator of the "Viva Tequila" excursion was acting for the benefit of PRINCESS. Included among these representations, were the following:

    a. From the moment that Plaintiff purchased her cruise ticket, PRINCESS bombarded its passengers with a series of internet, brochures and other media, all of which advertise the availability and safety of various PRINCESS excursions, which were presented as an integral part of the cruise ship experience. These excursions were marketed without indicating they were independent of PRINCESS. To the contrary, PRINCESS claimed to "collaborated" with "our partners" over many years to provide "more meaningful destination experiences."

    b. PRINCESS marketed the subject excursion on its website by guaranteeing the best price and offering a 110% refund of the price difference, if a better price is available for any excursion they offer;

    c. PRINCESS maintained a shore excursion desk manned by crew members on the vessel which promoted, advertised, explained, coordinated and supervised its excursions, including the subject "Viva Tequila" excursion;

    d. PROMOTORA CULTURAL and GRUPO PLEXON were not identified as the owner/operator of the "Viva Tequila" excursion at any time when it was being marketed by PRINCESS and purchased by its passengers, including Plaintiff herein;

    e. The excursions, including the subject "Viva Tequila" excursion, were sold by PRINCESS on its website, and also aboard the vessel by charging them to the passengers' onboard account or through

the passenger's account maintained with the cruise line website;

28. At all material times, PRINCESS is estopped from denying that PROMOTORA CULTURAL and GRUPO PLEXON were its agents or employees.

29. PRINCESS is therefore legally responsible for the acts of negligence of PROMOTORA CULTURAL and GRUPO PLEXON set forth in the First Cause of Action, which were a direct and legal cause of the injuries of Plaintiff.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## PRINCESS, PROMOTORA CULTURAL AND GRUPO PLEXON
### (Third Party Beneficiary Breach of Contract-General Maritime Law)

30. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 to 17, inclusive, of the Jurisdiction, Venue and General Allegations and paragraphs 18 through 21, inclusive, of the First Cause of Action, paragraphs 22 through 25 of the Second Cause of Action and paragraphs 26 through 29 of the Third Cause of Action as though the same were fully set forth.

31. Plaintiff is informed and believes, and thereon alleges, that PRINCESS, PROMOTORA CULTURAL and GRUPO PLEXON entered into a contract to which the Plaintiff was not a party, in which PROMOTORA CULTURAL and GRUPO PLEXON agreed to provide various excursions including the "Viva Tequila" excursion for PRINCESS's passengers.

32. Plaintiff is further informed and believes that the contract imposes various obligations upon PROMOTORA CULTURAL, GRUPO PLEXON and PRINCESS which are clearly or manifestly intended for the primary and/or direct benefit of PRINCESS passengers. Thus, the Contract refers to a "well-defined class of readily identifiable persons" that it intends to benefit. See *Polo Ralph Lauren L.P. v. Tropical Shipping & Const. Co.,* 215 F.3d 1217, 1222 (11th Cir. 2000); *Belik v. Carlson Travel Group, Inc.,* 864 F.Supp.2d 1302, 1312 (S.D. Fla. 2011).

33. Plaintiff is further informed and believes, and thereon alleges that the Contract also provides, in substance that PRINCESS is in the business of providing cruise vacations, and that PROMOTORA CULTURAL and GRUPO PLEXON are independent contractors in the business of arranging and providing shore excursions and are willing to provide shore excursions to Passengers (Guests) on PRINCESS vessels; and that further PRINCESS agrees to sell tickets for shore excursions to vessel Passengers (Guests) and PROMOTORA CULTURAL and GRUPO PLEXON agree to arrange and provide shore excursions for those Passengers (Guests).

34. Plaintiff is further informed and believes, that the contract provided in substance that PRINCESS agrees to advertise and sell to Passengers (Guests) on its vessels the shore excursions offered by PROMOTORA CULTURAL and GRUPO PLEXON, and that PRINCESS may charge its Passengers (Guests) such prices as it determines in its sole discretion, and that PRINCESS shall collect all proceeds directly from its Passengers (Guests).

35. Plaintiff is further informed and believes, and thereon alleges that the contract provides in substance that PROMOTORA CULTURAL and GRUPO PLEXON agree to arrange and provide the shore excursions to the PRINCESS Passengers (Guests), and further that PROMOTORA CULTURAL and GRUPO PLEXON acknowledge and represent that they will exercise reasonable care for the PRINCESS Passenger's (Guest's) safety at all times.

36. Plaintiff is further informed and believes, and thereon alleges that the contract provides in substance that PROMOTORA CULTURAL and GRUPO PLEXON are prohibited from soliciting or making independent arrangements with PRINCESS Passengers (Guests).

37. Plaintiff is further informed and believes, and thereon alleges, that the contract provides in substance that PROMOTORA CULTURAL and GRUPO PLEXON are responsible for procuring and maintaining liability insurance

against any and all injuries, whether personal or otherwise, to PRINCESS Passengers (Guests).

38. Plaintiff is further informed and believes, and thereon alleges, that the contract provides other matters including, but not limited to insurance, safety and service standard obligations, inspection rights and requirements, obligations to suspend excursion operations that do not comply with the safety and service obligations, as well as the obligation to agree to jurisdiction for any litigation instituted by PRINCESS's passengers against it for breach of the obligations which are owed under the contract(s) or any other rules, regulation and standards promulgated by PRINCESS.

39. Accordingly, the Contract identifies all PRINCESS Passengers (Guests) as third-party beneficiaries of the agreement. The agreement is meaningless and would not exist without the Passengers' (Guests') purchase of PROMOTORA CULTURAL and GRUPO PLEXON's excursions directly from PRINCESS. The only funds exchanged between the parties to the contract are funds provided directly from the Passengers (Guests) which are, by definition, passengers on PRINCESS's vessels. Thus, the entire contract, as well as pre and post contract conduct of the parties to the contract is focused upon the PRINCESS Passengers (Guests) who purchase PROMOTORA CULTURAL and GRUPO PLEXON excursions. Thus, the Contract expresses the intent of both PRINCESS and PROMOTORA CULTURAL and GRUPO PLEXON to primarily and directly benefit a class of persons, PRINCESS Passengers (Guests) who purchase PROMOTORA CULTURAL and GRUPO PLEXON excursions, of which the Plaintiff is a member.

40. PROMOTORA CULTURAL and GRUPO PLEXON breached the contract(s) by failing to comply with its safety and service standard obligations imposed by PRINCESS as described in detail in Count II, which is incorporated herein by reference. Thus, Plaintiff has alleged breach of the contract by one of

the parties.

41. PRINCESS breached the subject contract(s) by failing to comply with its obligations to make sure that PROMOTORA CULTURAL and GRUPO PLEXON complied with its safety and service standard obligations, and suspend excursion operations that do not comply with the safety and service obligations, in connection with the operation of the subject excursion as set forth in more detail in the Second Cause of Action, which is incorporated herein by reference.

42. The above-described obligations under the contract(s), and the various standards and obligations incorporated into it by reference, were clearly or manifestly intended for the primary and/or direct benefit and safety of the passengers of PRINCESS, including Plaintiff.

43. As a direct and legal result of the aforementioned breach of contract by PROMOTORA CULTURAL and GRUPO PLEXON and/or PRINCESS, Plaintiff sustained the serious, and permanent injuries and damages set forth herein.

**PRAYER**

WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as follows:

1. For general damages according to proof;
2. For medical expenses, past and future, according to proof;
3. For loss of earnings and earning capacity, according to proof;
4. For prejudgment interest;
5. For costs of suit; and,
6. For other such relief as the Court may deem proper.

///
///
///
///

**DEMAND FOR JURY TRIAL**

Plaintiff RHONDA ESPINOZA, hereby demands trial by jury of the above-captioned matter.

Dated: November 17, 2017

LAW OFFICES OF
CHARLES D. NAYLOR

By: /s/ Charles D. Naylor
Charles D. Naylor, Esq.
Attorneys for RHONDA ESPINOZA